# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT INDIANA
### FORT WAYNE DIVISION

| | | |
|---|---|---|
| AMERICAN CONTRACTORS | ) | |
| INDEMNITY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:11-CV-193-TLS |
| | ) | |
| LIGHTS & SIGNALS, INC., ROSALIE | ) | |
| K. WALDROP and DONALD E. | ) | |
| WALDROP, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

The Plaintiff, American Contractors Indemnity Company (ACIC), has sued the
Defendants, Lights & Signals, Inc. (L&S), Rosalie K. Waldrop, and Donald E. Waldrop, to
enforce an Indemnity Agreement between the parties. The Plaintiff issued payment bonds to
L&S for multiple construction-related projects in Indiana. When L&S failed to pay various
subcontractors involved in these projects, the subcontractors submitted bond claims with the
Plaintiff. This matter is before the Court on the Plaintiff's Renewed Motion for Summary
Judgment Against Rosalie and Donald Waldrop [ECF No. 43], requesting that the Court enter
judgment in its favor and against Rosalie and Donald Waldrop jointly and severally in the
amount of $23,091.12 for attorney's fees and costs. Having already received summary judgment
on its indemnity claim against Rosalie and Donald Waldrop in the amount of $136,477.02, the
Plaintiff maintains that no issues remain pending in this litigation, and that there is no reason to
delay the entry of final judgment. The Defendants have not filed a response to the Renewed
Motion for Summary Judgment.

## STATEMENT OF FACTS

In 2007, L&S was in the business of installing, repairing, and maintaining traffic signals, roadway and parking lot lighting, and other related construction. The Plaintiff provided payment bonds (the Bonds or Payment Bonds) to L&S for construction projects. As a condition of receiving these Bonds, on August 21, 2007, Rosalie and Donald Waldrop, the owners of L&S, executed a General Indemnity Agreement (the Indemnity Agreement). Rosalie signed the Agreement personally and as President of L&S, and Donald signed it personally. The Indemnity Agreement provided the Plaintiff with indemnity rights as follows: "[The Indemnitors] agree to indemnify and hold [ACIC] harmless from and against any and all demands, liabilities, losses, costs, damages, attorneys' fees and expenses of whatever kind or nature together with interest thereon . . . which arise by reason of, or in consequences of, the execution by [ACIC] of [the Bonds]." (Indemnity Agreement ¶ 2.) The duty to indemnify extended to: sums paid or liabilities incurred in the settlement or adjustment of claims, demands, damages, costs, losses, suits, proceedings, or judgments (*id.* ¶ 2.1); expenses paid or incurred in connection with claims, suits, or judgment under the Bonds (*id.* ¶ 2.2); expenses paid in enforcing the terms of the Indemnity Agreement (*id.* ¶ 2.3); expenses incurred in recovering or attempting to recover losses or expenses paid or incurred (*id.* ¶ 2.5); and attorneys' fees and all legal expenses related to any item in the Indemnity Agreement (*id.* ¶ 2.6).

On December 2, 2010, L&S contracted with the City of Fort Wayne Board of Public Works (the Fort Wayne Project). L&S was the prime contractor on the Fort Wayne Project, performing work directly for the City of Fort Wayne. The Plaintiff issued a Payment Bond to L&S for the Fort Wayne project. (Fisher Aff. ¶ 5 & Ex. 2, ECF No. 45-1.)

On February 1, 2011, L&S contracted with Johnson Controls, Inc., for the Marion,

Indiana, Incandescent Traffic Signals Project (the Marion Project). Johnson Controls was the

prime contractor and L&S was a subcontractor. On February 14, the Plaintiff issued a Payment

Bond to L&S for the Marion Project. (Fisher Aff. ¶ 4 & Ex. 1.)

In Spring 2011, the Plaintiff received claims on the Payment Bonds it issued for the Fort

Wayne Project and Marion Project from various subcontractors and suppliers, which the Plaintiff

eventually paid. On June 6, 2011, the Plaintiff filed its Complaint against the Defendants,

alleging that the Defendants had refused to indemnify the Plaintiff in accordance with the

Indemnity Agreement. On June 16, the Plaintiff was notified of a claim by the Indiana Combined

Laborers Fund (the Fund) related to the Marion Project, but it did not pay the claim because the

Fund did not provide any supporting claim documentation. In the course of the litigation, the

Plaintiff requested additional time to amend the Complaint so that it could consider a potential

claim against Professional Federal Credit Union (Pro Fed), upon which it has served non-party

discovery directed at the merits of its potential claim.

On February 24, 2012, the Court granted the Plaintiff's request for summary judgment

for its net losses under the Marion Bond and Fort Wayne Bond. The Court, construing the

Indemnity Agreement "to cover all losses and damages to which it reasonably appears the parties

intended it to apply," *Mead Johnson & Co. v. Kenco Grp., Inc.*, 899 N.E.2d 1, 3 (Ind. Ct. App.

2009) (quoting *Zebrowski & Assocs., Inc. v. City of Indianapolis*, 457 N.E.2d 259, 261 (Ind. Ct.

App. 1983)), found that the Plaintiff's net losses of $136,477.02 reasonably fell within the

parties' intended coverage.  (Opinion & Order 7, ECF No. 39). The Court also found that the

Indemnity Agreement specifically contemplated that the Defendants would indemnify the

Plaintiff for attorney's fees and legal expenses, but that the Defendant had not provided an itemized statement of the expenses paid or incurred, and thus denied the Plaintiff's request for summary judgment on its claims for attorney's fees and costs. The Court also left the matter open pending the resolution of a bond claim submitted by the Fund, and any potential claim by the Plaintiff against ProFed.

On September 10, the Plaintiff filed its Renewed Motion for Summary Judgment to address the outstanding claims and issues. Because an automatic stay is in place with respect to Defendant L&S by virtue of pending Chapter 11 Bankruptcy proceedings, the Motion is directed at Defendants Rosalie and Donald Waldrop only. The Plaintiff's Bond Claims Attorney, Jill Fisher, avers that the Plaintiff has paid attorney's fees and costs in the amount of $23,091.12 in connection with the Bonds and the Indemnity Agreement. (Fisher Aff. ¶ 9.) The itemized statements of the fees and costs the Plaintiff incurred are attached as Exhibit 4 to her Affidavit, and proof of payment of the fees and costs is attached as Exhibit 5.

Fisher's Affidavit also addresses the Fund's potential claim, which remained an outstanding issue when the Plaintiff filed its previous motion for summary judgment. The Payment Bond for the Marion Project provides that "No suit or action shall be commenced by a Claimant under this Bond other than in a court of competent jurisdiction . . . after the expiration of one year from the date (1) on which the Claimant gave the notice required by Subparagraph 4.1 or Clause 4.2.3, or (2) on which the last labor or service was performed by anyone or the last materials or equipment were furnished by anyone under the Construction Contract, whichever of (1) or (2) first occurs. (Fisher Aff. ¶12, Ex. 1, ¶ 11.) The last labor or service performed on the

Marion Project was in March 2011, and the Fund had not sued the Plaintiff on its claim under the Marion Project Payment Bond.

The Plaintiff has not filed a claim against ProFed in this federal court action and has, in fact, filed suit against ProFed in state court. Fisher represents that the Plaintiff does not intend to pursue any action against ProFed in this litigation.


## ANALYSIS

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To survive summary judgment, a nonmovant must be able to show that a reasonable jury could return a verdict in its favor; if the nonmovant is unable to "establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), summary judgment must be granted.

It is undisputed that Defendants Rosalie Waldrop and Donald Waldrop entered into the Indemnity Agreement with the Plaintiff and, in doing so, they agreed to indemnify the Plaintiff for all losses which arose by reason of, or in consequences of, its execution of the Bonds, including sums paid in settlement of claims or demands. "An indemnitee is entitled to recover attorney's fees expended defending the underlying claim and prosecuting the claim for indemnification." *Tack's Steel Corp. v. ARC Constr. Co.*, 821 N.E.2d 883, 890 (Ind. Ct. App. 2005) (quoting *Bethlehem Steel Corp. v. Sercon Corp.*, 654 N.E.2d 1163, 1168 (Ind. Ct. App. 1995)). Here, the Indemnity Agreement specifically contemplated that the Defendants

would indemnify the Plaintiff for attorney's fees and legal expenses (Indemnity Agreement ¶¶ 2 & 2.6). The Court thus finds, as it did in its earlier Opinion and Order, that the Plaintiff is entitled to recover these fees and expenses. The Plaintiff has provided an "itemized statement of . . . expenses paid or incurred, declared under penalty of perjury to be true and correct by an officer of [ACIC] or the vouchers or other evidence of disbursement by [ACIC]" (*Id.* ¶ 3.4) with respect to such fees and expenses. (*See* Fisher Aff. ¶ 9, Exs. 4 & 5.) These documents support the Plaintiff's claim that it incurred $23,091.12 in attorney's fees and legal expenses in connection with the Defendants' breaches of the Indemnity Agreement, and the Defendants have not presented any evidence to dispute the Plaintiff's documentation or the calculation of the fees and costs.

No issues remain outstanding in this litigation except those related to L&S. The Plaintiff's claims against ProFed will be resolved in state court litigation, and the Fund has not sued the Plaintiff.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Plaintiff's Renewed Motion for Summary Judgment [ECF No. 43]. Finding that there is no just reason for delay, the Court directs the entry of judgment in favor of the Plaintiff and against Defendants Rosalie Waldrop and Donald Waldrop jointly and severally in the amount of $136,477.02 for monies owing under the Bonds and the Indemnity Agreement, and in the amount of $23,091.12 for attorney's fees and costs. The case remains pending, but stayed, with regard to the Plaintiff's claim against

Defendant Lights & Signals, Inc. A telephonic status conference is scheduled for February 20, 2013, at 11:00AM. The Court will initiate the call.

SO ORDERED on October 22, 2012.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT